UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY DEMOND KING,<br><br>    Plaintiff,<br><br>    v.<br><br>FIDELITY INVESTMENTS,<br><br>    Defendant. | Case No. 24-cv-02148-SI<br><br>**ORDER GRANTING MOTION TO DISMISS AND GRANTING MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT**<br><br>Re: Dkt. No. 14 |

Pro se plaintiff Troy Demond King filed a complaint against defendant Fidelity Investments making vague and conclusory allegations that defendant allegedly unlawfully seized funds in his account. Defendant responded by filing a motion to dismiss and a motion to declare plaintiff a vexatious litigant. After giving plaintiff notice and an opportunity to respond, the Court grants both motions. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument.

**BACKGROUND**

On April 10, 2024, plaintiff Troy Demond King filed a complaint against Fidelity Investments. Dkt. No. 1 at 1. Using the court's pro se complaint form, plaintiff asserted diversity jurisdiction and labeled himself as a "Non-Citizen National (America)." *Id.* at 3. For the amount in controversy, plaintiff listed "$2,000,000.000 (Two Million) US Dollars per occurrence, and $100,000.00 (One Hundred Thousand) US Dollars per day penalty." *Id.* at 4. According to plaintiff's statements on the form, he entered into a contract to bank with defendant and then "Defendant & Fraud team, Victoria, and Sara seized my account unlawfully, after being noticed with proof of claims." *Id.* Plaintiff seeks damages "For Placing Improper Lien on Funds." *Id.*

1    The magistrate judge approved plaintiff's motion to proceed in forma pauperis and defendant was served on May 10, 2024. Dkt. Nos. 6 and 9. On May 31, 2024, defendant filed a motion to dismiss alongside a motion to declare plaintiff a vexatious litigant, requesting judicial notice of more than 30 cases that plaintiff has filed in federal and state court in the last several years, including 18 cases filed in 2024. Dkt. No. 14. In their motion to dismiss, defendants argued that "Fidelity Investments" is a trade name and is not a proper defendant, plaintiff failed to state a claim, and plaintiff has not properly established diversity jurisdiction because plaintiff's claimed amount in controversy is "patently implausible and deficiently plead." *Id.* at 9-12.

This Court then ordered plaintiff to "respond to defendant's motion in writing explaining why his case should not be dismissed and why he should not be declared a vexatious litigant in federal court." Dkt. No. 17. The Court noted that plaintiff was declared a vexatious litigant in California state court on January 5, 2023. *Id.*, citing Dkt. No. 14-2, Exs. 3-5. The Court directed plaintiff to free legal resources for pro se litigants. *Id.*

Plaintiff's additional submission to the Court provided the following statement of his claim: "1. 'Plaintiff' entered in a contract with Fidelity Investment Brokerage firm to liquidate U.S. Treasuries. [¶] 2. 'Plaintiff' account was closed w/o due process for false accusations of alleged fraud. [¶] 3. 'Plaintiff' 4th Amendment, 5th Amendment, 6th Amendment., Violation for seizure of funds, plus unfounded accusations of fraud." Dkt. No. 19. Regarding the pending motion to declare him a vexatious litigant, plaintiff wrote a definition of "vexatious" and then stated, "'Plaintiff' has never been vexatious in any actions, at this point 'Plaintiff' doesn't have counsel/attorney helping with any procedure because of alleged vexatious accusations. 'Plaintiff' is not a bully, annoying or a threat, these are peaceful processes." *Id.*

**DISCUSSION**

**I.   Motion to Dismiss**

    **A.   Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to

2

dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotations and citation omitted).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Where a plaintiff is proceeding pro se, the Court has an obligation "to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (internal quotations and citation omitted).

### B. Analysis

Defendants argue that plaintiff failed to allege facts stating a plausible claim, improperly sued the trade name "Fidelity Investments," and lacks diversity jurisdiction. The first argument is sufficient to dismiss the complaint. Plaintiff has only pled vague statements that he entered some financial arrangement with defendant before defendant closed his account. Dkt. Nos. 1 and 19. Plaintiff makes conclusory allegations that his account was seized unlawfully and without due

3

1    process. *Id.* Plaintiff does not provide any specific factual allegations about his alleged transactions
2    with defendant. *Id.* While a court must accept a plaintiff's pleaded facts as true and give pro se
3    plaintiffs the benefit of the doubt, it need not "accept as true allegations that are merely conclusory,
4    unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d
5    at 1055. Plaintiff has not "raise[d] a right to relief above the speculative level." *See Twombly*, 550
6    U.S. at 555. Further, it is clear to the Court that, given plaintiff's unhelpful opposition to this motion
7    and his lengthy history of frivolous or unprosecuted litigation discussed further below, granting
8    leave to amend would not lead to plaintiff curing the defective complaint. The Court therefore
9    dismisses the complaint without leave to amend.

**II.    Motion to Declare Plaintiff a Vexatious Litigant**

   **A.    Legal Standard**

When a plaintiff is declared a vexatious litigant, the court enters an order stating pre-filing restrictions for that plaintiff for the court clerk to keep on file. "The All-Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citation omitted). While pre-filing restrictions are an unusual remedy, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Id.* (internal quotations and citation omitted).

The Ninth Circuit has established four guidelines for district courts to follow before ordering pre-filing restrictions: "(1) a plaintiff must be given adequate notice to oppose a restrictive pre-filing order before it is entered; (2) a trial court must present an adequate record for review by listing the case filings that support its order; (3) the trial court must further make substantive findings as to the frivolousness or harassing nature of the plaintiff's filings; and (4) the order must be narrowly tailored to remedy only the plaintiff's particular abuses." *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (citing *DeLong v. Hennessey*, 912 F.2d 1144, 1147-49 (9th Cir. 1990).

**B.     Analysis**

Defendant asks this Court to declare plaintiff a vexatious litigant and to take judicial notice of numerous lawsuits filed by plaintiff in state and federal court. Dkt. No. 14. Federal Rule of Evidence 201 allows courts to judicially notice a fact "not subject to reasonable dispute." Fed. R. Evid. 201(b). "[A] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (internal quotations and citation omitted). Here, the Court takes judicial notice of Exhibits 1 through 49 in defendant's request as they are all matters of public record. *See* Dkt. No. 14-2.

The Court now considers the Ninth Circuit's four guidelines in turn. *See O'Loughlin*, 920 F.2d at 617.

**1.     Notice**

Plaintiff must have notice and an opportunity to oppose a declaration that he is a vexatious litigant, but the opportunity to file a written brief in opposition has been found sufficient to meet this requirement. *Gavin v. City & Cnty. of San Francisco*, No. 15-CV-05202-EMC, 2016 WL 126937, at *2 (N.D. Cal. Jan. 12, 2016) (collecting cases). Here, the Court ordered the plaintiff to respond in writing as to why he should not be declared a vexatious litigation. Dkt. No. 17. Plaintiff filed an opposition to the motion. Dkt. No. 18. As such, the notice requirement is met.

**2.     Adequate Record for Review**

Defendant's exhibits demonstrate that plaintiff has filed the following cases in the last several years:

In the Ninth Circuit:

1. *King v. City and County of Antioch, et al.*, Ninth Circuit Court of Appeals Case No. 21-16135

2. *King v. Alameda Co. Dept. of Child Support Servs.*, Ninth Circuit Court of Appeals, Case No. 22-16475

3. *King v. San Francisco Police Department, et al.*, Ninth Circuit Court of Appeals, Case No. 22-16740

In the Northern District of California:

1. *King v. Hospital Couriers Nevada LLC*, U.S. District Court, Northern District of California, Case No. 3:18-cv-06225- WHO
2. *King v. City and County of Antioch, et al.*, U.S. District Court, Northern District of California, Case No. 3:20-cv06535-AGT
3. *King v. San Francisco Police Department, et al.*, U.S. District Court, Northern District of California, Case No. 4:20-cv06887- KAW)
4. *King v. Praxair Distribution, Inc. et al.*, U.S. District Court, Northern District of California, Case No. 3:20-cv-7817-JD
5. *King v. Alameda Co. Dept. of Child Support Servs.*, U.S. District Court, Northern District of California, Case No. 3:21-cv-02839-SI
6. *King v. Taco Bell Corp., et al.*, U.S. District Court, Northern District of California, Case No. 4:21-cv-08748-KAW
7. *King v. Navy Federal Credit Union*, U.S. District Court, Northern District of California, Case No. 3:24-cv-1919-LB
8. *King v. The Lapham Company et al.*, U.S. District Court, Northern District of California, Case No. 4:24-cv-1923-JSW
9. *King v. O'Malley*, U.S. District Court, Northern District of California, Case No. 5:24-cv-2047-PCP
10. *King v. Sanchez, et al.*, U.S. District Court, Northern District of California, Case No. 4:24-cv-2571-DMR
11. *King v. Barrett*, U.S. District Court, Northern District of California, Case No. 3:24-cv-2572-LJC

In California Superior Courts:

12. *King v. San Francisco Public Library*, Superior Court of the State of California, County of San Francisco, Case No. CGC-20-587138

6

13. *Troy Demond King Trust v. Navy Federal Credit Union*, Superior Court of the State of California, County of Alameda, Case No. 23CV039595
14. *Troy Demond King Trust v. California Department of Motor Vehicles*, Superior Court of the State of California, County of Alameda, Case No. 23CV039924
15. *Troy Demond King Trust v. Ramay et al.*, Superior Court of the State of California, County of Alameda, Case No. 23CV040035
16. *Troy Demond King Trust v. Social Security Administration*, Superior Court of the State of California, County of Alameda, Case No. 23CV041069
17. *Troy Demond King Trust v. Pacific Gas & Electric*, Superior Court of the State of California, County of Alameda, Case No. 23CV042394
18. *Troy Demond King Trust v. Internal Revenue Service*, Superior Court of the State of California, County of Alameda, Case No. 23CV043362
19. *Troy Demond King Trust v. The Ohio Department of Job and Family Services, et al.*, Superior Court of the State of California, County of Alameda, Case No. 23CV044989
20. *Troy Demond King Trust v. Alameda County Social Services*, Superior Court of the State of California, County of Alameda, Case No. 23CV049918
21. *Troy Demond King Trust v. Wells Fargo, et al.*, Superior Court of the State of California, County of Alameda, Case No. 23CV055688
22. *Troy Demond King Trust v. US Bancorp.*, Superior Court of the State of California, County of Alameda, Case No. 23CV055690
23. *Troy Demond King Trust v. Chicago Title Company*, Superior Court of the State of California, County of Alameda, Case No. 23CV055958
24. *Troy Demond King Trust v. Internal Revenue Service*, Superior Court of the State of California, County of Alameda, Case No. 24CV057763
25. *Troy Demond King Trust v. Synergetic Communications, Inc.*, Superior Court of the State of California, County of Alameda, Case No. 24CV057764
26. *Troy Demond King Trust v. The Lapham Company Property Management*, Superior Court of the State of California, County of Alameda, Case No. 24CV057768

27. *Troy Demond King Trust v. Francisco Alecia*, Superior Court of the State of California, County of Alameda, Case No. 24CV059305

28. *Troy Demond King Trust v. Cervantes*, Superior Court of the State of California, County of Alameda, Case No. 24CV059308

29. *Troy Demond King Trust v. United States Courthouse*, Superior Court of the State of California, County of Alameda, Case No. 24CV059309

30. *Troy Demond King Trust v. Tesfatsion*, Superior Court of the State of California, County of Alameda, Case No. 24CV059322

31. *Troy Demond King Trust v. Charles Schwab & Co., Inc.*, Superior Court of the State of California, County of Alameda, Case No. 24CV059543

32. *Troy Demond King Trust v. Kaufman, et al.*, Superior Court of the State of California, County of Alameda, Case No. 24CV060044

33. *Troy Demond King Trust v. Branco, et al.*, Superior Court of the State of California, County of Alameda, Case No. 24CV060441

34. *Troy Demond King Trust v. Horowitz, et al.*, Superior Court of the State of California, County of Alameda, Case No. 24CV061626

35. *Troy Demond King Trust v. Marcella Hardy Trust*; *The Lapham Company*, Superior Court of the State of California, County of Alameda, Case No. 24CV066784

36. *Troy Demond King Trust v. Navy Federal Credit Union*, Superior Court of the State of California, County of Alameda, Case No. 24CV067539

Dkt. No. 14-2, Exs. 6-49.  As a result of plaintiff's practices in San Francisco County Superior Court, he was declared a vexatious litigant in that jurisdiction.  *Id.*, Exs. 3-5.  These cases provide an adequate record to declare plaintiff a vexatious litigant in this district.

### 3. Substantive Review

In addition to the pure volume of plaintiff's litigious activity, a substantive review of the case histories shows the frivolous or harassing nature of his filings.  Plaintiff's claims were dismissed in all three Ninth Circuit appeals and in additional trial court cases for failure to prosecute

8

or file briefs as directed by the courts. Dkt. No. 14-2, Exs. 6-9, 13. In other cases, plaintiff has been given multiple opportunities to state a valid claim but was unable to do so. *Id.*, Exs. 11, 12. In 2022, this Court certified that one of plaintiff's appeals was not taken in good faith and revoked plaintiff's in forma pauperis status for that appeal. *Id.*, Ex. 15. After reviewing this record, this Court finds that plaintiff's filings are generally of a nature that is frivolous and harassing. *See O'Loughlin*, 920 F.2d at 617.

### 4. Narrowly Tailored Order

For the purposes of crafting a narrow pre-filing restriction, the Court notes that plaintiff's most frequent litigation targets are government agencies or representatives (15 of the cases noted above) or financial services institutions (6 of the cases). The Court therefore issues the following pre-filing restriction: "The Clerk of Court shall not file or accept any new complaints filed by Troy Demond King against government agencies or their representatives or against financial services institutions, unless and until that complaint has first been reviewed by the general duty judge of this Court and approved for filing."

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS the motion to dismiss without leave to amend. The Court further GRANTS the motion to declare plaintiff a vexatious litigant in this district and submits to the clerk the pre-filing restriction detailed above.

**IT IS SO ORDERED**.

Dated: September 20, 2024

SUSAN ILLSTON
United States District Judge